14 F.3d 594
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marcia S. FRENCH, Plaintiff-Appellant,
v.
Ronald L. KING, Individually and in his official capacity,
Director of Caroline County Department of Social Services;
Blanche A. Badillo, Individually and in her official
capacity, Supervisor; Caroline County; Kenneth Davis,
Chairman; Renee Woods, Individually and in her official
capacity; Calvin B. Taylor, Board Member; Irene Fields,
Board Member; Patricia Murray, Board Member; Ellen Carter,
Board Member; William Jeter, Board Member; John Doe, in
his or her individual and official capacity to be
discovered, Defendants-Appellees.
 No. 93-1504.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 25, 1993.
Decided Dec. 23, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.
 J. Benjamin Dick, Law Offices of J. Benjamin Dick, for appellant.
 John Adrian Gibney, Jr., Shuford, Rubin & Gibney, P.C., for appellee.
 John F. Ames, Hubard, Samuels & Ames, for appellant.
 Jean M. Kelly, County Atty. for Caroline County, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and HALL, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Marcia French appeals from the grant of summary judgment entered by the district court in favor of Appellees on French's claim that her constitutional rights were violated when she was terminated from her job at the Caroline County Social Services Department. French also appeals the denials of her motions under Federal Rules of Civil Procedure 59(e) and 60(b).
 
 
 2
 The facts are stated briefly as follows. Ron King, Director of the Social Services Department, met with French on April 14, 1992 to inform her that she was facing serious disciplinary sanctions allegedly for concealing the file of an ineligible Medicaid recipient. Both King and French appeared before the Board of Social Services ("Board") to discuss the offenses committed by French, and the Board discharged French on King's recommendation. On April 17, 1992, French received written notice of the reasons for her termination. French subsequently initiated the employee grievance process and met with her supervisor, Blanche Badillo, and Director King, both of whom concluded that the termination was warranted. French proceeded to step three of the grievance which was conducted by the Board on August 18, 1992. After its hearing, the Board concluded that French was properly terminated.
 
 
 3
 French brought this action in the court below pursuant to 42 U.S.C. Sec. 1983 against King and Badillo, a fellow coworker, Renee Woods, and several officials of Caroline County. French alleges constitutional violations of due process, age and reverse race discrimination and several pendent state law claims. French complains that Appellees failed to meet certain procedural requirements throughout the grievance process and to submit documents which French had requested. French also insists that the Board was tainted by information it had received from Director King prior to the Board meeting regarding the grievance and a possible indictment against French.[1]
 
 
 4
 During the pendency of the federal court action, the parties appeared before a state panel for final disposition under the grievance process. Declining to stay the state panel hearing, the district court denied Appellees' motion to dismiss, initially believing that French could prove facts to support her contentions. However, the court subsequently granted Appellees' motion for summary judgment on all federal claims, finding no issues of material fact and holding that French had received due process in both the preand post-termination hearings.[2]
 
 
 5
 The district court subsequently denied French's motion to reconsider under Fed.R.Civ.P. 59(e) after concluding that French was merely attempting to reargue the merits of her case. The court also denied French's Rule 60(b) motion for relief from judgment based on newly discovered evidence, stating that it was not persuaded to change its decision based on an affidavit that certain panel hearing members were believed to be predisposed in favor of the management of the Department.
 
 
 6
 We review de novo the district court's decision granting summary judgment. Higgins v. E.I. DuPont De Nemours & Co., 863 F.2d 1162, 1166-67 (4th Cir.1988). After such endeavor, we find that the district court correctly held that Marcia French received all the process she was due and that she failed to establish any evidence that her termination was based on illegal discrimination. We therefore affirm the grant of summary judgment to Appellees on the reasons provided by the district court.
 
 
 7
 We also reject Appellant's suggestion that the district court abused its discretion when it denied her motions to reconsider under Fed.R.Civ.P. 59(e) and for relief from judgment under Fed.R.Civ.P. 60(b). We agree with the district court that French was merely attempting to reargue the merits of her case and, more specifically, to contest the substantive reasons for her termination.[3] Rule 59(e) is not designed to permit parties to submit evidence without justifying why such proof could not have been submitted to the court at the time the court entertained the summary judgment motion. See RGI, Inc. v. Unified Indus., Inc., 963 F.2d 658, 662 (4th Cir.1992). Such attempts being unjustified here, and finding no evidence of abuse, we affirm.
 
 
 8
 We also find no merit in Appellant's attack on the lower court's denial of her Rule 60(b) motion. Appellant presented as "newly discovered evidence" the affidavit of a grievance panel member, offering his opinion that his colleagues on the panel were predisposed to find in favor of management. This affidavit fails to satisfy the requirement of Rule 60(b)(2) that the evidence "by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Thus, we reject Appellant's contention that the district court abused its discretion by denying her motion. See Aliff v. Joy Mfg. Co., 914 F.2d 39 (4th Cir.1990).
 
 
 9
 Finding no merit in Appellant's contentions, we affirm the district court on the basis of its decision.
 
 AFFIRMED
 
 
 [1]
 French raises a specious claim that Appellees violated her right to a formal indictment of fraud charges allegedly lodged against her by King. French bases her claim on King's letter to Larry Mason, Director of the Caroline County Welfare Division, on June 25, 1992, wherein King requested advice on how to proceed against French. (J.A. 117). Because the district court dismissed without prejudice Appellant's pendent state law claims for want of jurisdiction, we decline comment
 
 
 [2]
 Alternatively, the district court noted that even if it were to determine that the state grievance procedures failed to satisfy due process, Appellees would be entitled to qualified immunity if their actions met the requirements of the state grievance proceedings as they existed when Appellees acted. (J.A. 27)
 
 
 [3]
 Indeed, as the district court noted, French's allegations that she was discharged on the bases of age and reverse race discrimination and that she was denied due process "appear ad nauseam in the record." (J.A. 14)